# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 10-30922-WRS
                                                         Chapter 7
CARL VANCE,

    Debtor

## MEMORANDUM DECISION

This Chapter 7 case comes before the Court on the motion for reconsideration filed by United Bank. (Doc. 76). For the reasons set forth below, the motion is DENIED.

## I. FACTS

The Debtor filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on April 10, 2010. (Doc. 1). In the original Notice of Chapter 7 Bankruptcy Case, the Court did not establish a claims bar date. (Doc. 7). However, on May 4, 2010, the Court issued a notice of a claims bar date which was set for August 4, 2010. (Doc. 16). On May 12, 2010, United Bank filed a timely notice of claim. (Claim 1). United Bank claimed that it was secured in the amount of $4,253,035.00.

On September 10, 2010, the Trustee objected to the claim of United Bank contending that the claim was not secured and that it should be allowed as unsecured. (Doc. 62). Pursuant to the Court's local rules, United Bank had 30 days to respond. LBR 3007-1. The Trustee's objection contained a prominent notice of the Claimant's obligation to respond within 30 days. United Bank did not timely respond and on October 14, 2010, the Court sustained the Trustee's objection, which had the effect of allowing the Bank's claim as unsecured. More than three months later, United Bank moved to reconsider the Court's October 14 Order. (Doc. 76). United

Bank did not give any reason for either its failure to timely respond to the Trustee's objection or why it waited three months to move for reconsideration.

## II. LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning 28 U.S.C. § 157(b)(2)(B). This is a final order. There are two issues to be decided here. The first is whether the Court should reconsider its order of October 14, 2010, sustaining the Trustee's objection to the claim of United Bank. Second, if the Court considers United Bank's claim on its merits, whether it is secured in a bank deposit owned by the Debtor as of the date of the petition.

### A. Reconsideration Pursuant to Section 502(j)

The first question presented here is what standard should be applied to United Bank's motion to reconsider. Section 502(j) of the Bankruptcy Code provides, in part, that "a claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). Bankruptcy Rule 3008 provides that "a party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The Court after a hearing on notice shall enter an appropriate order." Considering both the Code and related Bankruptcy Rule, it is apparent that no firm time limit is given for motions to reconsider orders allowing or disallowing claims. The Bankruptcy Court is to determining whether the moving party has made a showing of "cause."

2

Moreover, such "cause" is considered "according to the equities of the case." 11 U.S.C. § 502(j).

There is no mechanical test which one may apply to determine whether cause is shown. Rather the determination turns on facts and circumstances of each case. International Yacht and Tennis, Inc., (In re International Yacht and Tennis, Inc.), 922 F.2d 659 (11th Cir. 1991)(holding that Bankruptcy Court erred when it applied 10 day provision of Bankruptcy Rule 8002 to motion to reconsider); Fidelity Financial Services, Inc. v. Montgomery County Department of Human Rescources (In re Davis), 237 B.R. 177, 181-82 (M.D. Ala. 1999)(cause is discretionary with the Court); In re Rayborn, 307 B.R. 710, 720-21 (Bankr. S.D. Ala. 2002)(bankruptcy courts have considerable discretion but "cause" not standardless).

The standard to be applied depends upon, "among other things, when the motion to reconsider a claim is made." Davis at 182. Motions made more than 10 days after entry of the order on a claim are governed by reference to Bankruptcy Rule 9024. Id. When one refers to Rule 9024, which incorporates Rule 60, Fed. R. Civ. P., it is readily apparent that United Bank has not alleged any of the grounds provided in either Bankruptcy Rule 9024 or Rule 60, Fed. R. Civ. P. Indeed, United Bank cites no grounds at all, instead citing to the language of § 502(j), which provides that the Bankruptcy Court may reconsider a claim at any time, ignoring the requirement that cause must be shown. See, In re Durham, 329 B.R. 899, 901 (Bankr. M.D. Ga. 2005)(burden on moving party to show cause): In re Tri-State Ethanol Co., LLC, 2009 WL 1079776, *7 (Bankr. D.S.D. Decision dated 4/2/2009) As United Bank has made no showing of cause, its motion should be denied.

3

Case 10-30922    Doc 85    Filed 05/24/11    Entered 05/24/11 11:03:19    Desc Main
                    Document      Page 3 of 7

## B.  United Bank's Secured Status

While the failure to make a showing of cause is fatal to United Bank's motion, the Court will, in the alternative, consider its claim that it is secured in a bank account owned by the Debtor, by virtue of its judgment lien.  United Bank obtained a money judgment against the Debtor in proceedings styled <u>United Bank v. Bon Harbor, LLC, et. al.</u>, Civil Action No. CV-2007-240, in the Circuit Court for Baldwin County, Alabama, judgment entered March 26, 2009.  United Bank filed a Certificate of Judgment with the Judge of Probate for Montgomery County, Alabama, on November 24, 2009. [1]

A creditor's secured status is determined pursuant to 11 U.S.C. § 506(a), which provides, in part, as follows: "an allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property."  The Bankruptcy Code does not define liens, instead it looks to State law.  Under Alabama law, "every judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution."  Ala. Code § 6-9-211.  The question then becomes whether the bank account in question is subject to levy and execution.

Alabama law provides that executions may be levied against "personal property of the defendant, **except things in action**."  Ala. Code § 6-9-40(2)(emphasis added).  A bank account is clearly personal property.  The issue is whether it is a "thing in action."  If it is not, then the

---

[1] The judgment was entered in the amount of $8,350,050.02, but United Bank has filed a claim for $4,253,035.00.  The Court infers from this that United Bank has collected the difference from other sources.  The Court notes that there are 8 judgment debtors and that there may be further collections from other sources.  In any event, the Trustee here does not object to the amount.

4

judgment lien of United Bank does not attach and it follows that United Bank is not secured. The Alabama Supreme Court has defined the term "thing in action." Peavy Lumber Company v. O.E. Murchison, 272 Ala. 251, 130 So.2d 338 (Ala. 1961). The question presented in Peavy Lumber was whether a judgment lien attached to money due under a contract. The Alabama Supreme Court applied predecessor statutes to those in effect here. The Supreme Court held that a thing in action "is a personal right to demand money or property by an action." Id. at 340. The Alabama Supreme Court further stated that "there can in the nature of things be no present possession of a thing which lies merely in action." Id. at 341 (citing Am. Jur. § 27).

United Bank cites the case of In re Head, 204 B.R. 1022 (Bankr. N.D. Ala. 1997), in support of its position. The Court in Head held that a treasury note was a thing in action and therefore the judgment lien of a creditor did not attach. Id. United Bank argues in its brief that "if the Court [in Head] had thought a checking account to be a 'thing in action' and not just the check itself, and, as common as checking accounts are in this society, United believes it would have stated as such." (Doc. 80, p. 6)(bracketed matter added). United's argument is specious. The Court in Head did not say anything about bank accounts because that case had nothing to do with bank accounts. The thing in question there was a treasury note, which the Court found to be a thing in action and therefore a judgment lien had not attached.

The Court in Head made an effort to catalogue case law on the question of what kinds of things are things in action.

> A chose in action is "a personal right to demand money or property by an action." Peavy Lumber Co., 130 So.2d 340. The term includes an infinite variety of contracts, covenants, and promises which confer on one party a right to recover a personal chattel or

5

> sum of money from another by action. Sheldon v. Sill, 49 U.S. (8 How.) 441, 12 L.Ed. 1147 (1850). For example, a chose in action includes (i) money due under a contract, Peavy Lumber Co., 130 So.2d at 341, (ii) damages arising from a breach of a contract, Merchants Nat'l Bank of Mobile v. Ching, 681 F.2d 1383, 1389 (11th Cir. 1982), (iii) a check, Tillery v. State, 44 Ala. App. 369, 209 So.2d 432, 435 (1968), (iv) an interest in a pension and profit-sharing plan. In re Wilson, 56 B.R. 693, 696 (Bankr. M.D. Ala. 1986), and (v) the right to receive payment under an insurance contract and the proceeds from such policy, see Robinson v. Eppes, 252 Ala. 242, 40 So.2d 326, 327 (1949). Additionally, intangible personal property like instruments and securities for the payment of money such as bonds and promissory notes, book entry accounts and interests in an insurance policy, judgments and shares of stock are within the perimeters of what is a chose in action. Maricopa County v. Trustees of Ariizone Lodge No. 2, 52 Ariz. 329, 80 P.2d 955 (1938).

Head, at 1025. To be sure, nowhere in this lengthy catalogue are bank accounts mentioned. However, bank accounts are of the same general sort of thing that are mentioned and it fits well within the given definition for thing in action.

When a customer makes a deposit in a bank, a debtor-creditor relationship is established. University Federal Credit Union v. Grayson, 878 So. 2d 380, 390 (Ala. 2003); Coffee County Bank v. Mitchum, 634 So.2d 148, 150 (Ala. 1993)(when funds are deposited into a general account, actual legal title to fund passes to bank, with a debtor-creditor relationship existing as to the amount of the deposit); Faith, Hope and Love, Inc., v. First Alabama Bank of Talladega, 496 So2d 708, 711 (Ala. 1986). This debtor-creditor relationship established when a bank deposit is made is a chose in action within the meaning Alabama Code § 6-9-40(2) and it follows that a judgment lien does not attach to the funds in a bank account.

United Bank makes an alternative argument, that even if its lien did not attach to funds in the bank account, it subsequently attached to the funds in the hands of the Trustee. "A petition

6

filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of— . . . (4) any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). United Bank's argument flies in the face of § 362(a)(4) and is without merit.

### III. CONCLUSION

The motion of United Bank is denied because it has failed to show cause as required by 11 U.S.C. § 502(j). In the alternative, its claim fails because a bank account is a "thing in action" and for that reason United Bank's judgment lien did not attach upon mere recordation of its judgment. Ala. Code § 6-9-40(2). As United Bank's judgment did not attach, it does not hold a secured claim. 11 U.S.C. § 506. For these reasons, the motion to reconsider filed by United Bank is denied. The Court will enter judgment by way of a separate document.

Done this 23rd day of May, 2011.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Susan S. DePaola, Trustee
Steven C. Pearson, Attorney for United Bank